**UNITED STATES of America,**
**Plaintiff,**

v.

**Larry Jefferson NAVES,**
**Defendant.**

**Crim. A. No. 69–CR–179.**

United States District Court
D. Colorado.

Sept. 30, 1969.

James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Elmer Lee Hamby, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The defendant, Larry Jefferson Naves, was indicted for failure to submit to induction into the armed forces in violation of 50 App. U.S.C. § 462(a). His case was tried to the Court, has been argued and now stands submitted. The defense to the charges is that accused is a conscientious objector and that his local draft board failed to consider his claim in that it failed to reopen his classification after he first submitted his claim of conscientious objection. This he maintains violated his rights under 50 App. U.S.C. § 456(j) and 32 C.F.R. § 1625.2 et seq.

█ There is no right to appeal a refusal to reopen, and hence defendant has exhausted his administrative remedies.

On September 22, 1964 the defendant was classified 1–A by Local Board No. 68 in Birmingham, Alabama. He was reclassified 2–S on May 4, 1965, and his local board continued to renew his 2–S classification each year until July 16, 1968, at which time he was reclassified 1–A. The local board mailed him a notice of reclassification (SSS Form 110) and a document entitled "Advice of Right to Personal Appearance and Appeal" (SSS Form 217).

On August 19, 1968, the local board received a letter from the defendant requesting a personal appearance before a local board in Denver. Local Board No. 68 informed the defendant that the regulations did not provide for a personal appearance before any other board; that defendant was entitled to a personal interview with Local Board No. 68; and that if he did not desire to appear, he was entitled to appeal the local board's decision to the Appeal Board. The board indicated that defendant could have a personal interview on September 12, 1968 at 10:00 A.M. in Birmingham, Alabama.

The defendant sent a special delivery letter to his draft board which was received on September 12, 1968, advising them that his financial situation and school work made it impossible for him to personally appear. In addition he indicated that he was opposed to the Vietnam conflict and that he believed the war to be politically and morally wrong. The board met on September 12, 1968, and, when the defendant failed to report for his personal interview, determined not to reopen his classification. The local board then forwarded defendant's file to the Appeal Board.

█ On September 13, 1968 the local board sent defendant a questionnaire entitled "Special Form for Conscientious Objector" (SSS Form 150). This form was returned along with a letter by the defendant which stated that he was opposed to killing and could not "perform any volitional act which aids any person, group, or collective in violence and killing * * *." He indicated that this opposition to war in any form was primarily the result of his religious training. The local board also received a letter from Pastor Ellwanger of the Cross Lutheran Church in Milwaukee, Wiscon-

sin, which stated that the pastor had been defendant's neighbor in Birmingham for nine years and that based on his acquaintance with the defendant he felt that Naves' alleged opposition to war in any form on religious grounds was genuine. On October 24, 1968 the local board determined not to reopen defendant's classification and forwarded the letters from Naves and the pastor to the Appeal Board. On February 5, 1969 the Appeal Board classified defendant 1–A.

The pertinent Selective Service regulation, 32 C.F.R. § 1625.2, provides that a local board may reopen and consider anew the classification of a registrant if: (1) the registrant requests in writing that his classification be reopened; and (2) the request is accompanied by written information not previously considered by the board which, if true, would justify a change in classification. Conscientious objector form No. 150, which defendant returned to the board together with the accompanying writings, set forth his opposition to war and indicated that his views were grounded in religious belief. We do not, of course, here determine that these were sufficient to establish that he was entitled to conscientious objector status. We do hold that he had a right to have the board consider his claim, and this would have been possible only if the board had opened the file. Instead, it simply forwarded the documents to the Appeal Board, which body had no power whatsoever to deal with the question. True, defendant did not expressly request that his file be reopened. Nevertheless, the board treated it as such a request and refused to reopen.

There can be no question but that (1) the accused here requested in writing that his classification be reopened, and (2) accompanied his request by written information which had not been previously considered by the board which information, if true, would have justified a change in classification. Thus, defendant satisfied the requirements of 32 C.F.R. § 1625.2

The government argues that the above-cited regulation is not mandatory—that the board has some discretion to refuse to reopen. Undoubtedly, this is true, but it is also clear that the board cannot act arbitrarily and when, as here, the information submitted by the defendant, when viewed as a whole, supports his conclusion that he is opposed to war on the basis of a religious conviction and the board has not heretofore considered this and when, as here, the request is timely, it cannot be said that the board has a discretion to refuse to consider it at least. He is entitled to conscientious objector status by showing that he satisfies the statute, 50 App. U.S.C. § 456(j), and this is true even though he may also be opposed to war on grounds which would not entitle him to such a classification. See Fleming v. United States, 344 F.2d 912 (10th Cir. 1965).

Undoubtedly, the ultimate issue for the board to determine is whether the defendant is sincere in his beliefs. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Storey v. United States, 370 F.2d 255 (9th Cir. 1966); Fleming v. United States, 344 F.2d 912 (10th Cir.1965). Clearly, it would be difficult for the board to determine this issue on the basis of letters and other writings exclusively, and it would seem, therefore, that an oral hearing and interview would be necessary.

The opportunity for a personal appearance which may be granted only upon reopening is essential where, as here, there is no evidence in the file which would justify a conclusion that the defendant is insincere in his beliefs. Brown v. United States, 216 F.2d 258 (9th Cir.1954); United States v. Burlich, 257 F.Supp. 906 (S.D.N.Y.1966). In such a case the refusal of the board to reopen creates an inference that they did not really consider the defendant's claims.

We have considered the government's argument that there was evidence before the board that the defendant was opposed to the Vietnam conflict. From

this it is said that the board could have concluded that from this prior letter he was not a conscientious objector generally. However, objection to the Vietnam conflict does not exclude the broader conscientious objector status. For this reason we cannot accept this argument of the government.

It follows, therefore, that in view of the failure of the Birmingham, Alabama board to consider the defendant's claim on its merits that the proceedings before the board are fatally defective, and the present prosecution is invalid.

Accordingly, the indictment and the cause of action are dismissed. This action is, of course, without prejudice to further proceedings if the local board determines from the evidence that the defendant is not a conscientious objector and if he again refuses induction.